**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| BRIAN PEAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00019-JMB |
| ) | |
| THE SECOND CIRCUIT COURT OF, ) | |
| KNOX COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Brian Peak, a pretrial detainee currently incarcerated at Macon County Jail in Macon, Missouri, filed this civil rights and declaratory judgment action on February 14, 2025; however, Plaintiff neither paid the Court filing fee of $405 nor filed a proper motion to proceed without prepayment of fees or costs.[1] Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If Plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

---

[1] Plaintiff's motion to proceed in forma pauperis does not contain all information the Court needs to properly assess his request. He has not indicated whether he is employed at the Macon County Jail, and he has failed to provide the Court with a copy of his certified account statement. Plaintiff will be provided with a Court-form for filing a motion to proceed in forma pauperis, which he will need to return to the Court within twenty-one (21) days of this Court's Order. He should fill out all sections of the motion to proceed in forma pauperis and provide a certified copy of his account statement for the six-month period immediately preceding the filing of his complaint.

Additionally, the Court has reviewed Plaintiff's allegations in his complaint and found that as currently stated, they fail to state a claim upon which relief may be granted. Plaintiff seeks a ruling from this Court that a Missouri state statute under which he is currently being prosecuted is unconstitutional as applied to him. Specifically, he states that § 566.030 of the Missouri Revised Statutes, which provides for penalties for rape in the first degree, is being unlawfully applied to him in Knox County. *See State v. Peak*, No. 24KN-CR00072 (2nd Jud. Cir., Knox County Court). Plaintiff asserts that he has been charged with having sex with an individual who was over the age of consent but who was mentally impaired and therefore unable to lawfully give consent. The Court has reviewed Missouri Case.Net, however, and found that Plaintiff's criminal action is ongoing. The state court has set a hearing in his criminal case for a Chapter 491 hearing on April 18, 2025.[2]

To the extent Plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state criminal proceedings, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson,* 385 F. App'x 613 (8th Cir. 2010).

---

[2]In Missouri, a hearing is held relative to whether out of court statements from underage or vulnerable persons are admissible in criminal proceedings to prove the truth of the matter asserted. *See* Mo.Rev.Stat. § 491.075.

However, there are exceptions to *Younger* where special circumstances exist. 401 U.S. at 41. Such special circumstances can be established where the "person about to be prosecuted in a state court can show that he will, if the proceedings in the state court is not enjoined, suffer irreparable damages." *Id.* at 43 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Furthermore, such irreparable injury must be both "great and immediate," and the threat of "defense against a single criminal prosecution" is not enough. *Id.* at 45-46. To that end, the Court will allow Plaintiff to file an amended complaint in this matter on a Court-provided form setting forth his claims for relief.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so Plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint against the newly named defendant(s). *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

The allegations in the complaint may not be conclusory. Instead, Plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If Plaintiff wishes to sue a defendant in his or her individual capacity, Plaintiff must specifically say so in the amended complaint.

All of Plaintiff's claims should be clearly set forth in the "Statement of Claim" in the Court-provided form. In other words, Plaintiff should not utilize additional supplements to set forth his "Statement of Claim." If Plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis, Doc [2], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff copies of the Court's Prisoner Civil Rights Complaint form and the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If Plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 18th day of February, 2025.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE